### TEXAS CO. v. AMERICAN TRADE DEVELOPING CO.

(Circuit Court of Appeals, Fifth Circuit. March 23, 1921.)

No. 3625.

1. Appeal and error ⬅➡662(2)—Recitals of record conclusive as to date of judgment.

For the purpose of determining whether or not a writ of error was sued out in time, the recitals of the record as to the date of the judgment are conclusive on the appellate court.

2. Principal and agent ⬅➡103(7)—Agent held authorized to make contract; "quote."

A letter written by defendant in New York to plaintiff in Panama, in reply to one from plaintiff inquiring prices for oil delivered in Panama, referring plaintiff to an agent as "our representative in Panama, * * * who will quote you from time to time if desired," held sufficient to establish the authority of the agent to bind defendant by a contract for the sale of oil to plaintiff, entered into in good faith, for, taken in connection with the letter inquiring as to prices, the authority to "quote" was equivalent to authority to fix prices.

In Error to the District Court of the Canal Zone; John W. Hanan, Judge.

Actioh at law by the American Trade Development Company against the Texas Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John D. Grace, of New Orleans, La. (M. A. Grace, of New Orleans, La., on the brief), for plaintiff in error.

Wm. C. MacIntyre, of Cristobal, C. Z. (W. C. Todd, of Cristobal, C. Z., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Defendant in error, herein called plaintiff, sued to recover damages from plaintiff in error herein called defendant, growing out of the latter's alleged breach of a contract to sell to

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the former a stated quantity of kerosene oil. . There was a general denial, and a special plea denying that the party who agreed to make the sale on behalf of defendant had authority to do so. Plaintiff was engaged in business in the republic of Panama. The principal place of business of defendant was in New York City.

The evidence showed without conflict that one C. F. Elder, assuming to act as agent for defendant, entered into the contract sued on. The question to be decided is whether Elder had authority to bind defendant as its agent. Upon this issue, plaintiff's evidence discloses that as early as January, 1915, in a letter received by it from defendant, Elder was referred to as defendant's "representative." April 28, 1917, Elder, on behalf of defendant, wrote plaintiff a letter in which he stated:

"With reference to conversation with Mr. George Arias, we can offer you our kerosene in 2/5 cases at $1.50 U. S. per case, f. o. b. New Orleans, and would be glad to have an order from you, as it has been over one year since your last order."

May 2, 1917, plaintiff replying to this letter wrote to Elder:

"Replying to your letter dated 28th ulto., quoting us kerosene in 2/5 cases at $1.50 U. S. cy. per case f. o. b. New Orleans. We wish to state we rather that you quote as f. o. b. Panama." etc.

May 7, 1917, plaintiff wrote to defendant, at its New York office, a letter, from which we quote the following:

"From years back, I have been trying to buy from you your oil, which I purchase for my clients; but, unfortunately, up to now, we have not been able to come to terms. In 1915, when I was in New York, I called on you; but you told me that you had some contracts for the sale of your oil, and that you could not offer any business at that time. Since you have had some agents come to Panama, but they generally stay in Colon, and lately, when I wanted to buy a quantity of oil, the price of $1.50 f. o. b. New Orleans, which I was offered, was not suitable to me. * * * Now, if you have an agent for Panama and Colon, I must be clear with you that if I buy, or do any business in oil with you, I cannot consent to pay, directly or indirectly, any commission to your agent here, and it would be on this offer from you that I may be ready to do business with your oil in this city. I know, if I open business with you, I can sell large quantities of oil on the Isthmus; at least, not on the Colon side, but in Panama, and ports of the Pacific Coast. If convenient, please advise me, by letter or by cable, what would be your price for the kind of oil you ship to Panama. * * * Quote me price delivered Panama," etc.

June 14, 1917, defendant wrote plaintiff as follows:

"Receipt is acknowledged of your letter of May 7th in connection with your request to quote price f. o. b. New Orleans. We would advise that we would be pleased at any time to make you a quotation based on the market price f. o. b. New Orleans. We respectfully refer you to our Mr. Elder, our representative in Panama, who is located in Cristobal, and who will quote you from time to time, if desired," etc.

Executive officers of the defendant testified that Elder had custody of the oil stocks and other property of defendant in the Canal Zone; that his duties were to take care of it, gauge oil in tanks, and supervise the details of deliveries when made, and incidentally to receive and transmit inquiries concerning oil to the New York office, and to carry out any specific instructions which defendant might give him; but de-

nied that Elder had authority to make contracts or to negotiate sales. October 10, 1917, the contract of sale upon which this suit is based was entered into, Elder acting for the defendant. At some indefinite date prior to October 16, 1917, defendant, at its New York office, declined to accept an offer, at the price stipulated in the contract, made in person by an agent of the plaintiff. It was not shown, but on the contrary, it was denied, both by plaintiff's agent, who was in New York, and by its officers in Panama, that knowledge of this offer and its rejection was communicated to plaintiff until after the contract had been entered into with Elder.

[1] The case was tried without a jury before the District Judge, who rendered judgment for plaintiff. Plaintiff has moved to dismiss the writ of error upon the ground that it was not sued out within six months from the entry of the judgment, and claims that the judgment was entered December 1, 1919. The writ of error is dated October 19, 1920. The record recites that the motion for a new trial was denied October 19, 1920, and that judgment was entered at that time. This court is bound by the recitals in the record to conclude that the judgment was not entered until October, 1920. The motion to dismiss the writ of error is therefore denied.

[2] Upon the merits of the case, defendant relies almost exclusively upon the case of Texas Co. v. Quelquejeu (C. C. A.) 263 Fed. 491, in which the question of the authority of this same agent, Elder, to bind the Texas Company, was under consideration. In the cited case, however, it was attempted to prove the scope of Elder's authority as agent by his own representations, and it was held, in conformity to the universal rule, that agency could not be proved in that way. In the instant case plaintiff did not rely upon evidence of that character, but proved that, after an unsuccessful effort to enter into a satisfactory contract with defendant's supposed agent, it applied directly to the defendant itself, and only continued to deal with Elder after it was required to do so by his principal. It was in pursuance of explicit directions from the principal that plaintiff resumed negotiations for the purchase of oil with the agent.

It is obvious from the correspondence that the parties had in contemplation, not an isolated sale, but continuous dealings with each other, and that Elder was authorized to quote prices "from time to time, if desired." Taken in connection with the letter of inquiry as to prices, the authority to Elder to "quote" was equivalent to authority to fix prices. See Webster's Unabridged Dictionary for definitions of the words "quotation" and "quote," when used in a commercial sense. Defendant's refusal to sell to plaintiff in New York was not inconsistent with the authority of defendant's agent to do so in Panama.

The trial court found as a fact that plaintiff entered into the contract in good faith, and there was evidence, as already stated, that plaintiff was without knowledge that a similar offer to purchase, made in New York, had been rejected.

The judgment is affirmed.